**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Pankaj Merchia, M.D.,**    Plaintiff,

v.   *(Civil Action No. _____)*

1. **Sean P. Murphy, Esq.**
2. **Matthew Scafidi, Esq.**
3. **James Juliano, Esq.**
4. **Scafidi Juliano, LLP**,

    **Defendants.**

Case: 1:25−cv−02183 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 7/7/2025
Description: Pro Se Gen. Civ. (F−DECK)

**COMPLAINT AND JURY DEMAND**

(18 U.S.C. §§ 1962(c) & (d); Breach of Contract; Legal Malpractice)

Plaintiff Pankaj Merchia, M.D. ("Dr. Merchia") alleges as follows:

---

## I. INTRODUCTION

1. This action arises from a multi-year scheme in which Defendants solicited Dr. Merchia's business at a deeply discounted hourly rate, extracted retainers and fees, and then abandoned multiple high-stakes matters—fabricating excuses and misrepresentations to conceal their derelictions. E-mails, court dockets and orders show a continuing pattern of wire fraud and mail fraud that injured Dr. Merchia in his business and property, satisfying the predicate-act requirements of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

---

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c).

3. Supplemental jurisdiction over state-law claims exists under 28 U.S.C. § 1367.

4. Venue lies in this District under 28 U.S.C. § 1391(b) because a substantial part of the communications and decisions giving rise to the claims—e-mails, telephone conferences, and docket filings in federal litigation—were directed into or occurred within the District of Columbia, and because Defendants transact business nationwide, including in this District.

---

## III. PARTIES

5. **Dr. Pankaj Merchia** is a citizen of Florida, resident of DC, and a licensed physician.

6. **Sean P. Murphy** is an attorney formerly "Of Counsel" to Scafidi Juliano, LLP and citizen of Massachusetts.

7. **Matthew Scafidi** and **James Juliano** were partners of Scafidi Juliano, LLP, a Massachusetts limited-liability partnership and are citizens of Massachusetts.



**RECEIVED**

JUL 07 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

8. At all relevant times each individual defendant acted both individually and as an agent of Scafidi Juliano, LLP (the "Firm").

---

## IV. FACTUAL ALLEGATIONS

### A. Formation of the Attorney–Client Contract

9. On 03/06/2020 Dr. Merchia and Murphy executed a written fee agreement under which Murphy (and through him the Firm) agreed to perform legal research, drafting, and editing at **$60 per hour**.

10. Dr. Merchia paid a $2,000 retainer that day. Id.

11. During 08/2020, after Dr. Merchia's father suffered a heart attack, Murphy agreed—by e-mail—to expand his role to *full representation* in three ongoing cases for **$250 per hour** for court appearances.

### B. Murphy Undertakes Multiple Matters

12. Key start dates:

   a. 08/19/2020 – appearance in *Merchia v. IRS*, No. 1:18-cv-10424 (D. Mass.).

   b. 08/25/2020 – appearance in *Merchia v. Mass BORIM*, No. 2082CV00210 (Mass. Sup. Ct.).

   c. 09/01/2020 – appearance in *Richardson v. Merchia*, No. 1982CV00679 (Norfolk Sup. Ct.).

### C. Pattern of Negligence, Abandonment, and Fraudulent Cover-up

13. Between 03/2021 and 07/2022 Murphy ceased returning calls and e-mails. Internal Firm e-mails falsely assured Dr. Merchia that Murphy was "well and working on the case" (e-mail of 05/04/2021 from Juliano).

14. On 07/05/2022 Murphy filed withdrawals, citing "conflict" and falsely stating substitute counsel existed. In *Richardson*, he represented to the court that Carmenelisa Perez-Kudzma represented Dr. Merchia; she denied such engagement, leading to default, summary judgment, and treble-damage findings under Mass. G.L. c. 93A totaling **$280,000**. See Superior-Court Memorandum dated 04/25/2024, at pp. 1–5.

15. In *Merchia v. IRS*, Murphy failed to: (i) file timely opposition papers; (ii) inform the court that SleepHeart of Virginia, LLC was insolvent in 2012, a dispositive fact; and (iii) raise collateral-estoppel defenses based on IRS findings, causing dismissal.

16. In *BORIM*, Murphy withdrew without notice, causing Dr. Merchia to miss a merits hearing and lose administrative rights. Dr. Merchia discovered the withdrawal only after receiving the hearing notice on 01/19/2023.

### D. Enterprise, Predicate Acts, and Damages

17. **Enterprise:** Scafidi Juliano, LLP, together with Murphy, Scafidi, and Juliano, constitutes an "association-in-fact" enterprise.

18. **Predicate acts (18 U.S.C. § 1961(1))**—each use of e-mail constitutes wire fraud (18 U.S.C. § 1343); invoices sent by U.S. mail constitute mail fraud (18 U.S.C. § 1341). Examples:

| Date | Medium | False/Fraudulent Statement | File Evidence |
|---|---|---|---|
| 03/06/2020 | E-mail | Promise of 8 hrs/week diligent work at $60/hr | |
| 05/04/2021 | E-mail | Juliano: "Murphy is working on your case" | |
| 08/30/2022 | E-mail | Murphy: conflict bars continued work; will arbitrate fees | |
| 07/05/2022 | Court filing | Notices of withdrawal falsely stating substitute counsel | |

19. The racketeering activity is **continuous** (at least 03/06/2020 – 04/25/2024) and **related** (all acts further the scheme to extract legal fees and abandon representation).

20. Dr. Merchia suffered:
- $280,000 judgment in *Richardson* (trebled).
- Loss of tax-refund claim > $1,800,000 and litigation costs in *Merchia v. IRS*.
- Administrative and reputational harm in *BORIM*.

21. Additional consequential damages exceed **$1 million**.

---

## V. CAUSES OF ACTION

### Count I – RICO (18 U.S.C. § 1962(c))

22-34. Plaintiff realleges ¶¶ 1-21.

35. Defendants conducted or participated in the enterprise's affairs through a pattern of racketeering activity, causing injury to Plaintiff's business and property.

### Count II – RICO Conspiracy (18 U.S.C. § 1962(d))

36-40. Defendants knowingly agreed and conspired to violate § 1962(c).

### Count III – Breach of Contract (Murphy & Firm)

41-46. Written fee agreement and subsequent e-mail modifications formed valid contracts; Defendants materially breached by failing to render competent services and by abandoning representation, proximately causing damages.

### Count IV – Legal Malpractice (All Defendants)

47-55. Defendants owed duties of care and loyalty; their negligent acts and omissions fell below the standard of care and directly caused Plaintiff's litigation losses.

---

## VI. PRAYER FOR RELIEF

Plaintiff requests:

A. Compensatory damages in an amount to be proven at trial, but not less than **$1,000,000**;

B. Treble damages under 18 U.S.C. § 1964(c);

C. Reasonable attorneys' fees and costs;

D. Rescission and restitution of all fees paid;

E. Pre- and post-judgment interest; and

F. Such other and further relief as the Court deems just.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,

   /s/ Pankaj Merchia, M.D.

**Pankaj Merchia, M.D.**

E-mail: pmerchialegal@gmail.com

*Pro se Plaintiff*

A. Compensatory damages in an amount to be proven at trial, but not less than **$1,000,000**;

B. Treble damages under 18 U.S.C. § 1964(c);

C. Reasonable attorneys' fees and costs;

D. Rescission and restitution of all fees paid;

E. Pre- and post-judgment interest; and

F. Such other and further relief as the Court deems just.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,
  /s/ Pankaj Merchia, M.D.
**Pankaj Merchia, M.D.**
E-mail: pmerchialegal@gmail.com
*Pro se Plaintiff*

P. Merch

Complaint.